(June 30, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES J. CERIO, Appellant.— Judgment unanimously modified in the exercise of discretion by reducing the sentence to an indeterminate sentence of imprisonment for not to exceed three years and as so modified affirmed. Memorandum: Upon his

plea of guilty to the fourth count only of his indictment, to wit, sodomy in the second degree in violation of section 130.45 of the Penal Law, that is, engaging in deviate sexual intercourse with a person less than 14 years old, defendant was sentenced to an indeterminate term of imprisonment for a maximum of seven years. Defendant's acts were done with the knowledge of the child's father and mother, who pled guilty, respectively, to promoting prostitution in the first degree and endangering the morals of a child. The parents were both sentenced on the same day that sentence was pronounced upon defendant, the father being sentenced to an indeterminate term of 15 years' imprisonment and the mother to a one-year term of imprisonment in the Seneca County jail. Defendant contends that the serious nature of his crime should be treated with less severity because he was encouraged in it by the parents, that the offenses of the parents so aroused the court's ire that an excessive sentence was given to him, and also that under his circumstances, the punishment is not corrective nor beneficial to society but is vindictive. We find nothing in the record to support defendant's contention that he was enticed into his offensive conduct, and nothing in mitigation of the seriousness thereof. Any ire exhibited by the sentencing Judge was fully understandable. The probation report, however, reveals that defendant, a man 60 years of age, is industrious, has a good job and conscientiously supports his family, and that he is of sound mind and is not a danger to the community. Imprisonment, therefore, should be meted out with a view to "the rehabilitation of the defendant as a useful and responsible member of the community" (*People* v. *Silver,* 10 A D 2d 274, 276; and see *People* v. *Cotter,* 25 A D 2d 609). Under the circumstances of this defendant we find in the exercise of our discretion that the sentence imposed is excessive and that imprisonment for an indeterminate term not to exceed three years is appropriate (Penal Law, § 70.00, subd. 2, par. [d]; and see *People* v. *Bolton,* 25 A D 2d 944; *People* v. *Mosher,* 24 A D 2d 47). We are constrained to remark upon the failure of the District Attorney to submit a brief on this appeal. He has similarly failed to submit a brief in other appeals from judgments of conviction in Seneca County. We reiterate prior admonitions of this court that it is the duty of the District Attorney to represent the People on all such appeals. (See *People* v. *Holcombe,* 34 A D 2d 728; *People* v. *Houston,* 31 A D 2d 777; *People* v. *Wright,* 22 A D 2d 754.) (Appeal from judgment of Seneca County Court convicting defendant of sodomy, second degree.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.