■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MASTROPOLO, Appellant. — Three amended judgments of the County Court, Suffolk County, each rendered November 1, 1979, affirmed. No opinion. Mangano, J.P., Gibbons and Gulotta, JJ., concur.
O'Connor, J., dissents and votes to modify the amended judgments by vacating the sentences and imposing sentences of probation, with the following memorandum: Defendant, Richard Mastropolo, a 40-year-old man with a high school diploma, has been a user of drugs for over 20 years. On at least two occasions during that period he entered programs for control of his addiction. Then, in 1977, he was indicted on charges of burglary and grand larceny. He pleaded guilty to reduced charges and was sentenced to concurrent sentences of three years probation for petit larceny and five years probation for two grand larceny convictions. Prior to this instance, defen-

dant had no criminal convictions. As a condition of defendant's probation, he was required to enter a facility for the treatment of narcotics addiction and continue as an in-patient at the Alba-Neck Halfway House Drug Rehabilitation Center until he successfully completed its program. Mastropolo successfully completed the four steps of the program and, in fact, graduated in early 1979. He stayed on at Alba-Neck as a counselor. He was then free to come and go as he pleased. As a result of an incident involving marihuana in May of 1979, defendant was "de-graduated" to Step No. 3 of the program. Frustrated with this demotion, Mastropolo left the program without notifying his probation officer. He was then charged with violating the conditions of his probation and, after a hearing, was sentenced to two indeterminate terms of incarceration for a maximum of four years and one definite term of one year to run concurrently with the indeterminate sentences. The majority in this court has decided to affirm the imposition of the prison sentences for Richard Mastropolo, apparently believing that he has been given a chance to rehabilitate himself in good faith, and, having demonstrated his inability to comply with the conditions imposed on his probation, should now be compelled to "pay the piper". In my opinion, under the given circumstances, such reasoning belies the very purpose of the original sentences of probation. When defendant was initially convicted, he was sentenced to probation with imposed conditions upon the theory that it would benefit both him personally and society at large. For some time he did well in the program at Alba-Neck, although he did, as so often happens, fall back upon some of his earlier habits. As a direct result of his further involvement with drugs, defendant was de-graduated, which led to his violation of parole and subsequent sentences of incarceration. To now imprison defendant because of his latest involvement with drugs will do nothing to enhance either his own rehabilitation or the interests of society. "It is a fundamental precept of our system of justice that the punishment should not only fit the offense, but the offender" as well (People v Mosley, 78 Misc 2d 736, 740). "Imprisonment * * * should be meted out with a view to 'the rehabilitation of the defendant as a useful and responsible member of the community' (People v. Silver, 10 AD2d 274, 276; and see People v. Cotter, 25 AD2d 609)" (People v Cerio, 34 AD2d 1095, 1096). In my view, the majority is imposing imprisonment upon this defendant, not for the purpose of rehabilitation, but merely for the sake of punishment. Defendant has made remarkable improvement during his association with Alba-Neck. And although he has not yet fully overcome his affinity towards the use of drugs, his progress to date should not be curtailed at this time. Accordingly, I would vote to modify the amended judgments by vacating the sentences and would reinstate the sentences of probation on the condition that defendant re-enlist in the Alba-Neck program on the terms originally imposed.